TAMURA, Acting P. J.
I respectfully dissent. In my opinion, the result reached by the majority is neither compelled nor just.
The only Supreme Court decision applying the horseplay rule to deny compensation for an injuiy sustained by a participant is Dalsheim v. Industrial Acc. Com. (1932) 215 Cal. 107 [8 P.2d 840]. Although Dalsheim has never been overruled, its precedential value has been rendered uncertain by the fact that the cases it relied upon were all overruled by the court in Pacific Emp. Ins. Co. v. Ind. Acc. Com. (1945) 26 Cal.2d 286 [158 P.2d 9, 159 A.L.R. 313], (Joshua Hendy Iron Works v. Ind. Acc. Com. *907 (1946) 74 Cal.App.2d 191, 197-198 [168 P.2d 203]; City and County of San Francisco v. Industrial Accident Commission (1948) 13 Cal.Comp.Cases 20 (writ den.).) The court disapproved the nonparticipants cases on which Dalsheim had relied on the ground that they ignored the realities of industrial life and the “propensities and tendencies of mankind and the ordinary habits of life . . . that wherever human beings congregate, either at work or at play, there is some frolicking and horseplay.” (Id., at p. 294.) By citing but not overruling Dalsheim, the court in Pacific Emp. Ins. Co. v. Ind. Acc. Com., supra, manifested its intention to preserve the horseplay rule as applied to participants. However, the case strongly suggests that in applying the rule, whether to participants or nonparticipants, courts should take into account the realities of industrial life and the natural propensities of human beings to engage in horseplay.
There has been no Supreme Court decision since Pacific Emp. Ins. Co. v. Ind. Acc. Com., supra, involving the application of the horseplay rule. However, over the years the Industrial Accident Commission has applied the rule to deny compensation to participants in a number of cases, frequently working a manifest injustice to the injured employee. For example, in Klein v. Mitchell and Pacific Employers Ins. Co. (1938) 4 Cal.Comp.Cases 101, a teenager employed to harvest hay was denied compensation for injuries sustained when he fell from a load of hay because he was then engaged in a friendly scuffle with another young employee; in Hocum v. Pacific Employers Insurance Co. (1939) 4 Cal.Comp.Cases 200, a teenage newsboy was denied compensation for injuries sustained in a friendly scuffle with another newsboy while tying newspapers; and in Shephard v. Industrial Accident Commission (1950) 15 Cal.Comp.Cases 140, an employee of an aircraft company was denied compensation for injuries she sustained when she slipped and fell while attempting to entertain fellow workers with a song and dance routine during a rest period.
The trend of recent decisions in a number of sister states is to award compensation for injuries sustained by a participating employee if the deviation is relatively minor and is attributable to the normal human tendency to engage in horseplay. (Crilly v. Ballou (1958) 353 Mich. 303 [91 N.W.2d 493]; Taylor v. Traders and General Insurance Co. (1964) 250 Miss. 416 [164 So.2d 905]; Peet v. Garner Oil Company (Mo.App. 1973) 492 S.W.2d 103, 107; Secor v. Penn Service Garage (1955) 19 N.J. 315 [117 A.2d 12, 15]; Meigel v. General Foods Corp. (1956) 2 App.Div.2d 945 [156 N.Y.S.2d 420]; Ransom v. H. G. Hill Company (1959) 205 Tenn. 377 [326 S.W.2d 659, 663]; see 1 Larson, The Law of Workmen’s *908 Compensation (1978) § 23.50; Riesenfeld, Contemporary Trends in Compensation for Industrial Accidents Here and Abroad (1954) 42 Cal.L.Rev. 531, 551-552; Comment (1960) 11 Hastings L.J. 347.) It is time to reexamine and to restate the horseplay rule in California in accordance with the enlightened approach foreshadowed by our Supreme Court in Pacific Emp. Ins. Co. v. Ind. Acc. Com., supra, and as exemplified by the cases cited above from other jurisdictions, particularly the Michigan Supreme Court decision in Crilly v. Ballou, supra. As Justice Wakefield Taylor so eloquently put it in speaking for the Court of Appeal in Kriegler v. Eichler Homes, Inc. (1969) 269 Cal.App.2d 224, 227 [74 Cal.Rptr. 749]: “The law should be based on current concepts of what is right and just and the judiciary should be alert to the never-ending need for keeping legal principles abreast of the times. Ancient distinctions that make no sense in today’s society and that tend to discredit the law should be readily rejected . . . .”
In the case at bench, the brief sparring match between employees of the automobile dealership at the close of the business day ought to be viewed as a reasonable incident of the employment and the injury resulting therefrom should be held to be a risk to be borne by the enterprise. I believe that we are at liberty to so hold and should.
I would annul the award and remand the matter to the board for further proceedings in accordance with the views expressed.
Petitioner’s application for a hearing by the Supreme Court was denied October 12, 1978. Mosk, J., was of the opinion that the application should be granted.